

May 31, 2023

        RE: <u>Adamowicz, et al. v. Northwell Health Systems</u>
        Docket No. 2:23-cv-01277-JMA-AYS
        Response to Defendant's Pre-Motion Conference Letter

**The Honorable Joan M. Azrack**
United States District Court Judge
United States District Court for the Eastern District of New York
100 Federal Plaza, Courtroom 920
Central Islip, New York 11722

Dear Judge Azrack:

Plaintiffs submit this reply to address the arguments and points raised in Northwell Health Systems' ("Northwell") letter requesting a pre-motion conference regarding its anticipated motion to dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## I. OVERVIEW

Northwell raises two primary contentions for its anticipated motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6):

1. Northwell alleges it could not grant Plaintiffs' religious accommodation requests because doing so would allegedly violate 10 N.Y.C.R.R. § 2.61 *et seq.* ("Section 2.61") and a violation of state law amounts to an "undue hardship"; and

2. Plaintiffs failed to exhaust their administrative remedies prior to commencing this action.

Neither basis gives rise to dismissal.

Defendants make compelling arguments but leave out an important fact: Section 2.61 has been struck down because it is unconstitutional. *See Med. Professionals For Informed Consent v. Bassett*, 2023 N.Y. Slip Op. 62807 (N.Y. App. Div. 2023). As a result, the prohibition against granting exemptions to healthcare

workers on religious grounds is "null, void, and of no effect", *id.*, and it is well-established that "[a]n unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; **it is in legal contemplation as inoperative as though it had never been passed**." *Norton v. Shelby County*, 118 U.S. 425 (1886) (emphasis added). It was therefore void from the outset. As such, Northwell cannot rely upon a non-existent, void statute to now assert it was justified in violating Plaintiffs fundamental rights to free exercise.

Alternatively, in *We The Patriots USA, Inc. v. Hochul,* 17 F.4th 368, 371 (2d Cir. 2021) the court clarified that it is indeed possible for covered entities like Defendant to provide accommodations " . . .by employing them in a manner that removes them from the Rule's definition of 'personnel.'" Here, Defendant has not explained how doing so was an undue hardship, nor any effort to provide such accommodations. Alternatively, it is an issue of fact.

Northwell's second argument ignores binding Supreme Court precedent that expressly holds "the EEOC filing requirement is subject to equitable doctrines, including equitable estoppel," *see Zipes v. Trans World Airlines*, 455 U.S. 385, 393 (1982), and the Second Circuit has adopted this holding and applied equitable considerations in the context of Title VII actions similar to the facts here. *See, e.g., Dillman v. Combustion Engineering, Inc.*, 784 F.2d 57 (2d Cir.1986).

The facts of *Early v. Banker's Life & Cas. Co.,* 959 F.2d 75 at 80-81 (7th Cir.1992), and the facts of this action are virtually identical. In *Early*, the Seventh Circuit applied the doctrine of equitable estoppel when the defendant moved to dismiss Plaintiff's Complaint for a failure to exhaust his administrative remedies because the EEOC told the plaintiff that his Intake Questionnaire was sufficient to constitute a formal charge. *Id.*

Here, the EEOC engaged in a multitude of tactics designed and intended to lull Plaintiffs into believing they had timely filed charges and each Plaintiff has sworn to the means by which the EEOC deceived them or prohibited them from timely filing their respective charges. *See* Complt. (ECF No. 1) Attachments 2-26. In Plaintiffs' respective affidavits, each testifies as to the fact that the EEOC lied to them, misled them, or lulled them into believing they had timely filed their charges.

Each respective Plaintiffs' scenario epitomizes the very reason for which the doctrine of equitable estoppel exists; all of which squarely fall into the framework the Second Circuit has utilized in applying equitable considerations for untimely EEOC charges. And while the Seventh Circuit's holding in *Early* is not binding, the

rationale supporting the decision is persuasive because it relies on common sense principle that Plaintiffs should not be punished for the actions of the EEOC. To apply the Seventh Circuit's rationale here is in the best interests of not only Plaintiff, but the interests of justice.

  Northwell has still failed to account for failing to provide Plaintiffs with any explanation or justification for denying them an accommodation process in violation of Title VII. Additionally, Plaintiffs plausibly established that equitable estoppel applies here.

Dated: May 31, 2023

              Respectfully submitted,

              /s/ CHAD J. LAVEGLIA
              Chad J. Laveglia
              LAW OFFICE OF CHAD J. LAVEGLIA, PLLC
              626 RXR Plaza, Suite 613
              Uniondale, NY 11556
              (631) 450-2468
              claveglia@cjllaw.org

              *Counsel for Plaintiffs*