# EXHIBIT II

# EXHIBIT II




**Division of Human Rights**

RECEIVED SEP 26 2022
LEGAL AFFAIRS

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

---

NEW YORK STATE DIVISION OF
HUMAN RIGHTS on the Complaint of

MELANIE S. WEISS,

        Complainant,

v.

NORTHWELL HEALTH, INC., NORTHWELL
FLEXSTAFF, INC,

        Respondents.

---

DETERMINATION AND
ORDER AFTER
INVESTIGATION

Case No.
10215469

Federal Charge No. 16GC201315

  On 2/4/2022, Melanie S. Weiss filed a complaint with the New York State Division of Human Rights ("Division") charging the above-named respondent with an unlawful discriminatory practice relating to employment because of creed, disability in violation of N.Y. Exec. Law, art. 15 (Human Rights Law).

  After investigation, and following opportunity for review of related information and evidence by the named parties, the Division has determined that there is NO PROBABLE CAUSE to believe that the respondents have engaged in or are engaging in the unlawful discriminatory practice complained of. This determination is based on the following: Complainant Melanie S. Weiss worked for Respondent Northwell Health Inc, through its staffing agency Northwell FlexStaff, Inc, as a FlexStaff Register Nurse starting in September 2019 until termination on October 1, 2021. Complainant asserts that she was discriminated against on the basis of her creed, she is Catholic, when she was denied a religious accommodation of being exempt from the COVID-19 vaccine mandate, when she was denied a reasonable accommodation for disability in the form of an exemption from the COVID-19 vaccine, and when she was terminated when she did not ultimately comply with Respondents' mandate. Further, Complainant alleges she was discriminated against again when she reapplied for a position with Respondents with a requested religious exemption request for COVID-19 vaccine, and was denied the exemption and reemployment.

The investigation established that Respondents' employees are subject to the NYS Department of Health vaccine mandate for health care workers. The vaccine mandate for health care workers

issued by the New York State Department of Health is found at 10 N.Y.C.R.R. § 2.61 (Aug. 26, 2021) ("Prevention of COVID-19 transmission by covered entities"). The Rule does not provide for religious exemptions to the COVID-19 vaccine mandate. Enforcement of the mandate has been upheld by the federal Second Circuit Court of Appeals in We The Patriots USA, Inc. v. Hochul, 17 F.4th 266 (2d Cir. 2021) and 17 F.4th 368 (2d Cir. 2021). The U.S. Supreme Court on December 13, 2021, declined to overrule these Second Circuit opinions. Respondent is not required by the New York State Human Rights Law to defy or oppose government regulations as an accommodation based on creed/religion.

Respondents' have further demonstrated that it would be an undue burden to allow Complainant, whose position required the flexibility to be assigned to direct patient care at any time, to be exempt from the vaccine.

Regarding Complainant's request for a disability reasonable accommodation to be exempt from the vaccine, a review of Complainant's request did not reveal that she was medically unable to get the vaccine. Instead, Complainant's own subjective belief about her conditions and her opinions on the vaccine itself were the underlying reasons for her request. Respondents are not required to accommodate a request that is not supported by medical documenation.

The evidence does not support a conclusion that Complainant was unlawfully discriminated against by Respondent based on her religion or her disability. There is insufficient evidence to establish that Respondent engaged in any violation of the New York State Human Rights Law.

The complaint is therefore ordered dismissed and the file is closed.

PLEASE TAKE NOTICE that any party to this proceeding may appeal this Determination to the New York State Supreme Court in the County wherein the alleged unlawful discriminatory practice took place by filing directly with such court a Notice of Petition and Petition <u>within sixty (60) days after service of this Determination</u>. A copy of this Notice and Petition must also be served on all parties including General Counsel, State Division of Human Rights, One Fordham Plaza, 4th Floor, Bronx, New York 10458. DO NOT FILE THE ORIGINAL NOTICE AND PETITION WITH THE STATE DIVISION OF HUMAN RIGHTS.

Your charge was also filed under Title VII of the Civil Rights Act of 1964. Your charge was also filed under the Americans with Disabilities Act (ADA). Enforcement of the aforementioned law(s) is the responsibility of the U.S. Equal Employment Opportunity Commission (EEOC). You have the right to request a review by EEOC of this action. To secure review, you must request it in writing, within 15 days of your receipt of this letter, by writing to EEOC, New York District Office, 33 Whitehall Street, 5th Floor, New York, New York 10004-2112. Otherwise, EEOC will generally adopt our action in your case.

Dated:   September 16, 2022
         Binghamton, New York

                    STATE DIVISION OF HUMAN RIGHTS

         By:   _____
               Victor P. DeAmelia
               Regional Director